## CIRCUIT COURT OF THE CITY OF RICHMOND

Nancy Parker

 v.

900 East Marshall Street
Associates et al.

December 6, 1989

Case No. LR-1455-4

## By JUDGE RANDALL G. JOHNSON

 This case is before the court on defendant General Elevator Company's demurrer to the cross-claim submitted by defendant 900 East Marshall Street Associates. The motion for judgment alleges that plaintiff was injured when the elevator which she was riding ascended rapidly and came to an abrupt stop at the top of its shaft, throwing her about the elevator. Named as defendants are 900 East Marshall Street Associates ("Marshall Street"), the owner of the elevator; General Elevator Company ("General"), alleged to have installed and maintained the elevator; and Schindler Elevator Corporation, "formerly known as Westinghouse Elevator Company" ("Westinghouse"), alleged to have inspected and maintained the elevator.[1] The motion for judgment alleges that each defendant carelessly and negligently failed to maintain the elevator in a safe

---

[1] Westinghouse has filed a grounds of defense stating that Schindler is not its successor but that Westinghouse is a division of Schindler. That issue, however, is not presently before the court.

condition and that such negligence proximately caused plaintiff's injuries.

The motion for judgment was served on Marshall Street on September 26, 1989. On October 16, twenty days after service, counsel for Marshall Street *mailed* its grounds of defense to the court and counsel. On the same day, it *mailed* a cross-claim to the court and counsel. These papers were received in the clerk's office on October 18, twenty-two days after service.[2] The cross-claim is against General and alleges that if Marshall Street is found to be liable to the plaintiff, it will be due to General's breach of its contract with Marshall Street under which General had the duty to inspect and maintain the elevator. Such breach, according to Marshall Street, requires General to "indemnify" Marshall Street for any damages awarded to plaintiff against Marshall Street. In addition, Marshall Street alleges that any negligence proved by plaintiff against Marshall Street will be "passive negligence," while the negligence of General is "active negligence," again requiring General to "indemnify" Marshall Street. General has demurred to both allegations and also questions the timeliness of Marshall Street's cross-claim.[3]

## 1. Timeliness of the Cross-Claim

As already noted, Marshall Street's grounds of defense and cross-claim were mailed within twenty-one days of service of the motion for judgment but were not received by the clerk's office until the twenty-second day. Papers are filed in this court on the date they are received, not on the date they are mailed. Counsel for Marshall Street will be well-advised in the future not to assume that a paper will be timely filed in the Clerk's office simply because it is mailed one day before it is due. In

---

[2] Absent leave of court, grounds of defense and cross-claims must be FILED no later than twenty-one days after service of the motion for judgment. Rules 3:5 and 3:9 of the Rules of the Supreme Court of Virginia.

[3] While General included its challenge to the timeliness of the cross-claim in its demurrer, it is actually objecting to Marshall Street's motion for an extension of time to file a cross-claim. It will be treated as such by the court.

light of the fact that the pleadings were received only one day after they were due, however, and that copies were mailed to General's counsel within the twenty-one days, the court will exercise its discretion under Rules 1:9 and 3:9 of the Rules of the Supreme Court of Virginia to allow both the grounds of defense and the cross-claim to be filed.

## 2. "Indemnification" Required by Breach of Contract

In demurring to the allegations of Marshall Street's cross-claim dealing with indemnification for breach of contract, General argues that even if it did breach its contract with Marshall Street to inspect and maintain the elevator, such breach of contract would not, in and of itself, entitle Marshall Street to "indemnification." The court agrees that if Marshall Street is using the term "indemnification" as a term of art, the cross-claim is deficient. The court believes, however, that such term was not intended as a term of art but was intended to allege that General "is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." *See* Rule 3:9 of the Rules of the Supreme Court of Virginia. It will, of course, be Marshall Street's burden to prove that General breached its contract and that such breach was the proximate cause of Marshall Street's liability, if any, to plaintiff. The demurrer, however, will be overruled.

## 3. Active v. Passive Negligence

General also demurs to Marshall Street's cross-claim in that it alleges that General's "active" negligence supersedes Marshall Street's "passive" negligence, again requiring an "indemnification" for any liability assessed against Marshall Street. Marshall Street's allegations in this regard appear to be based on language in *Philip Morris, Incorporated v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988), implying that a party guilty of "passive" negligence may seek indemnification from one guilty of "active" negligence. A reading of that case, however, makes it clear that the Court was referring to those instances where a defendant has vicarious liability, not

where a defendant is alleged to be liable for its own negligence. Since no facts have been pled in this case which could establish vicarious liability on the part of Marshall Street, its distinction between "active" and "passive" negligence is misplaced. General's demurrer to that portion of the cross-claim will be sustained.